IN THE MATTER OF JOHN C. HALL, AN ATTORNEY AND COUNSELOR AT LAW.

No. 12678.
Decided May 24, 1974.
530 P.2d 456.

*ATTORNEY AND CLIENT.*

Where admitted violations involve moral turpitude within the meaning of statute and there is no proof that acts and conduct constituting grounds for disbarment were the product of mental disease or defect, disbarment, rather than indefinite suspension, is appropriate. R.C.M. 1947, § 93-2026.

Disciplinary proceeding. The Supreme Court held that where admitted violations involve moral turpitude and there is no proof that they were the product of mental disease or defect, disbarment is appropriate.

Ordered accordingly.

MR. JUSTICE DALY did not participate.

## ORDER OF DISBARMENT AND ORDER TO SHOW CAUSE

PER CURIAM:

This Court has received a Report of the Commission on Practice made and adopted unanimously after a hearing had on April 19, 1974. The attached Report of the Commission is hereby adopted and the recommendation of the Commission is noted.

Following receipt of the Commission Report, counsel for John C. Hall filed a statement dated May 5, 1974, acknowledging receipt of the report and declining to file exceptions to the findings, report and recommendations.

Although the recommendations of the Commission are given careful consideration by this Court, the recommendation of indefinite suspension of Hall's license to practice law is not adopted.

This Court finds from the Report that the conduct of John C. Hall has been such that the violations admitted to are violations involving moral turpitude within the meaning of section

93-2026, R.C.M.1947. We find a total absence of proof that the acts and conduct constituting grounds for disbarment were the product of mental disease or defect.

It is hereby ordered and adjudged that John C. Hall be disbarred and that his name be stricken from the roll of attorneys and counselors of this Court, and that he be precluded from practicing as such attorney and counselor in all courts of this state.

On January 24, 1974, a Citation, Order to Show Cause, and Restraining Order was issued including therein an order restraining John C. Hall from transferring, mortgaging or creating any lien upon any assets until further order of the Court. It appearing from statements and motions of counsel for John C. Hall that there are various debts owing by John C. Hall in addition to those matters charged in the complaint and included in the report of the Commission on Practice; and it further appearing that we do not have all of the facts necessary to protect innocent clients and citizens;

It is further ordered that you appear to show cause at 10:30 a.m. on the 14th day of June, 1974, why a receiver or conservator should not be appointed to marshal and conserve assets pending a just settlement of claims. Further, that you report to this Court all claims outstanding against you to the best of your knowledge. The restraining order against transferring, mortgaging or creating any lien upon any assets you may own is continued until further order of this Court.

The Clerk of this Court shall give notice of this order to John C. Hall, his Counsel of Record, the Clerks of the District Courts of the State of Montana, the Chairman and Secretary of the Commission on Practice, the Clerk of the Federal District Court for the District of Montana, and the Clerk of the United States Court of Appeals, Ninth Circuit.

MR. JUSTICE DALY did not participate.